BURSOR & FISHER, P.A.
L. Timothy Fisher (State Bar No. 191626)
Sarah N. Westcot (State Bar No. 264916)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
        swestcot@bursor.com


BURSOR & FISHER, P.A.
Scott A. Bursor (State Bar No. 276006)
Joseph I. Marchese
369 Lexington Avenue, 10th Floor
New York, New York 10017
Telephone:  (212) 989-9113
Facsimile:   (212) 989-9163
E-Mail:  scott@bursor.com
         jmarchese@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER HIDALGO, on Behalf of Himself and all Others Similarly Situated, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| AMERICAN HONDA MOTOR CO., INC., HONDA NORTH AMERICA, INC., and HONDA MOTOR COMPANY, LTD., | |
| Defendants. | |

Plaintiff Javier Hidalgo ("Plaintiff"), by way of Complaint against Defendants, says:

## NATURE OF THE ACTION

1.     This is a class action against American Honda Motor Co., Inc., ("American Honda"), Honda North America, Inc., and Honda Motor Company, Ltd. (collectively "Honda") for engaging in unfair, unlawful and deceptive business practices in connection with the marketing, sale and lease of 2008, 2009, 2010, and 2011 Civic model automobiles (the "Affected Models"). Specifically, Honda equipped the subject vehicles with power assist front disc brakes and marketed these vehicles as providing state of the art engineering, "great reliability and extended maintenance intervals." Moreover, the Company heralded the Affected Models' safety features including the "confident stopping" power provided by the vehicles' brake system. The Affected Models, however, suffer from a defective and/or insufficiently robust design that leads to abnormal and premature front brake pad wear, wearing out in as little as 7,500 miles, far more frequently than a properly functioning brake system and before the expiration of the warranty Honda issues in conjunction with the Affected Models.

2.     The abnormal and premature brake pad wear of these models not only leads to costly repairs, but presents a safety issue for unwary owners of Affected Models, as the reliability of the braking system is compromised.

3.     Honda is aware of the defect and fails to inform current owners and/or lessees of the Affected Models about the defect. Moreover, Honda fails to cover the defect under Honda's comprehensive bumper-to-bumper warranty when customers bring their vehicles in for repair during the warranty period.

4.     Plaintiff Javier Hidalgo ("Plaintiff" or "Hidalgo") purchased a 2008 Honda Civic, LX model in May of 2008. Within 15,000 miles, Plaintiff's vehicle began experiencing loud grinding and squeaking sounds, ultimately requiring a replacement of the front brake pads and

resurfacing of rotors at a cost of approximately $270.00.   This repair was performed at an authorized Honda dealer.  Plaintiff was denied coverage under Honda's warranty.

5.      As a result of Honda's practices, Plaintiff and other members of the proposed class have suffered an ascertainable loss, including economic damages, and have lost money or property.  Plaintiff seeks relief in this action individually, and on behalf of all purchasers or lessees or 2008, 2009, 2010, and 2011 Honda Civic model automobiles in the United States, for Honda's violations of the Magnuson-Moss Act, 15 U.S.C. § 2301, *et seq.*, for unjust enrichment, breach of express warranty, violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 58:8-1, *et seq.*, violation of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*, Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200 *et seq.*, and False Advertising Law ("FAL"), Business & Professions Code §§ 17500 *et seq.*

## THE PARTIES

6.      Plaintiff Hidalgo is a citizen of New York.  Plaintiff purchased a 2008 Honda Civic, which was represented as a safe, reliable and low maintenance vehicle, from an authorized Honda dealer in New Jersey.   Plaintiff saw and read Honda's misrepresentations regarding safety, reliability, extended maintenance intervals, and relied on such misrepresentations in deciding to purchase a 2008 Honda Civic.   Plaintiff would not have purchased a Honda Civic but for Honda's misrepresentations.

7.      Defendant American Honda is a California corporation with its principal headquarters in Torrance, California.  American Honda is the North American subsidiary of Honda Motor Company, Ltd.  American Honda is the sales branch of Honda in the United States, and authorized dealers in all fifty states, including California and New Jersey.  American Honda also maintains central Sales, Service and Parts Zone offices throughout the United States. American Honda further maintains Service Parts Centers in various states which stock and

COMPLAINT                                                                                               2

distribute Honda authorized parts, such as those used in the brakings system of the Affected Models.

8.     Honda North America, Inc., is a California corporation with its principal headquarters in Torrance, California.  American Honda is the North American subsidiary of Honda Motor Company, Ltd., responsible for coordinating the operations of Honda's subsidiaries in North America, including American Honda, Honda of America Mfg., Inc., its major American manufacturing subsidiary, Honda Manufacturing of Alabama, LLC, Honda Manufacturing of Indiana, LLC, Honda R&D Americas, Inc., and Honda Canada Inc.     The majority of Civics are produced and assembled in Alliston, Ontario, Canada and Greensburg, Indiana.

9.     Honda Motor Co., Ltd., together with its subsidiaries, engages in the development, manufacture, and distribution of motorcycles, automobiles, and power products primarily in North America, Europe, and Asia.  Honda Motor Co., Ltd., operates through 99 Japanese subsidiaries and 284 other subsidiaries worldwide, including American Honda and North American Honda.  Its motorcycle line consists of business and commuter models, as well as sports models, including trial and moto-cross racing; all-terrain vehicles; personal watercrafts; and multi utility vehicles. The company also produces various automobile products, including passenger cars, minivans, multi-wagons, sport utility vehicles, and mini cars; and power products comprising tillers, portable generators, general-purpose engines, grass cutters, outboard marine engines, water pumps, snow throwers, power carriers, power sprayers, lawn mowers and lawn tractors, home-use cogeneration units, and thin film solar cells for home, public, and industrial uses.  In addition, it sells spare parts and provides after sales services are through retail dealers, as well as offers retail lending and leasing to customers, and wholesale financing to dealers.  The company was founded in 1946 and is based in Tokyo, Japan.

**JURISDICTION AND VENUE**

10.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question). This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

11.   This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

12.   Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because Defendants distributed, advertised and sold their Affected Models, which are the subject of the present complaint, in this District.

**FACTS COMMON TO ALL CLAIMS**

**Vehicle Safety**

13.   Automobile crashes are complex events that result from the interaction of driver behavior, the driving environment (*e.g.*, weather, time of day, type of road) and vehicle design. Although driver error or inappropriate driver behavior—drunk and reckless driving—are factors affecting the likelihood of being in a crash, one should not overlook the effect of vehicle design and safety features on crash likelihood or, in particular, on crash outcomes.   Drivers cannot change their age or control the driving behavior of others, but they can decide which vehicle to buy and attempt to select the safest vehicle that will meet their needs and minimize crash likelihood and injury potential.   Vehicle features affect safety in two ways: (a) they help the driver avoid a crash or recover from a driving error (crash avoidance); and (b) they provide protection from harm during a crash (crashworthiness).   Characteristics such as vehicle stability and braking performance affect the probability of being in a crash, all else being equal.

14.    According to National Highway Traffic Safety Administration ("NHTSA"), effective braking can be influenced by, among other factors, a "properly maintained brake system that is free from defects such as worn linings . . . that reduce the available braking force." www.nhtsa.gov/cars/problems.absbrakes/page1.html

15.    Moreover, Honda acknowledges that "Your Honda's ability to brake properly and reliably is obviously the utmost importance for the safety of you and your passengers." www.ahm-ownerlink.com/Maintenance/maint_genuine-parts.asp?Parts+brak

**False And Misleading Marketing Campaign**

16.    Honda has embarked on a uniform marketing and advertising campaign touting its vehicles durability, reliability and commitment to safety.

17.    For example, defendants state in several promotional campaigns that:

> Honda is committed to providing safety for everyone—that means crash protection not only for our own drivers and passengers, but also for the occupants of other vehicles, and injury mitigation for pedestrians. We are dedicated to identifying and implementing advanced designs and features that help enhance the safety of vehicles on the road.

18.    Additionally, Honda's promotion brochures for the Affected Models specifically state that the "Civic embodies our Safety for Everyone philosophy."  2008 Civic Brochure.

19.    This message is reiterated for all of the Affected Models.  For example, the 2010 Manual states:  "SAFETY IS THE BIGGEST PLUS OF ALL.  With its impressive list of standard safety features, the Civic is a prime example of Honda's commitment to providing a high level of occupant protection.  In fact, both the Civic Coupe and Sedan received a 5-star frontal crash-test rating from NHTSA."

20.    Honda's "Safety for Everyone" philosophy is implemented through "cutting-edge engineering and testing facilities in Japan and America [which] help Honda develop the next generation of safety features and further evolve our Safety for Everyone concept."

21.  To promote this safety aspect, since at least 2008, defendants began to offer for sale and lease throughout the United States various models or variations of the Civic lines of automobiles with standard safety features, including power assist front disc brakes.[1]

22.  These power assist front disc brakes are promoted as providing "[c]onfident stopping" power.  For example, Honda's 2008 Civic sales brochure states:  "[c]onfident stopping is provided on DX and LX models by front disc and rear drum brakes, while the rest sport discs all around."  Similarly, the 2010 sales brochure states "Civic EX, Hybrid and SI models are outfitted with 4-wheel disc brakes with ABS.  They help provide quick, confident stopping power when you need it."

23.  Additionally, Honda has cultivated a message of durability and reliability.  For example, Vicki Poponi, assistant vice president of product planning for American Honda Motor Co., Inc., has stated that:  "The Honda Civic meets the needs of a diverse audience with economical and fun-to-drive performance in a wide variety of choices and styles.  The Civic's reputation for durability, quality and reliability helps it stand apart from the crowd."

24.  This message is reiterated and highlighted in Honda's promotion materials for the Affected Models.  For example, the 2008 sales brochure states that:  "Every Honda is a smart value thanks to timeless design, great reliability and extended maintenance intervals."

25.  Contrary to defendants' representations, the Affected Models suffer from defective front disc brakes and/or insufficiently robust design that leads to abnormal and premature front brake pad wear under routine driving conditions  The Affected Models front brake pads wear out

---

[1]  The power assist front disc brakes are part of the Civic's braking system, which also includes: (1)  power assist, to help reduce the effort needed on the brake pedal; (2) an anti-lock brake system ("ABS") which helps retain steering control when braking very hard; (3) an electronic brake distribution ("EBD") system, which balances braking forced at each wheel while the care is dynamically loaded; and (4) vehicle stability assist ("VSA"), which can brake individual wheels and/or reduce engine power to help overcome understeer or oversteer conditions.

COMPLAINT                                                                                                                  6

between 7,500 miles and 17,000 miles, far more frequently than front brake pads in a properly functioning brake system.

**Numerous Complaints Regarding the Affected Civic's Premature Brake Wear**

26.   This defective condition is, and has been, well known to defendants throughout the entire time period it has marketed and sold vehicles equipped with power assist front disc brakes. The quality and nature of the front disc brakes equipped on Affected Civic's has spurred numerous complaints to Honda automobile dealers as well as federal agencies.   Despite defendants' receipt of customer complaints relating to the quality and nature of the Affected Models equipped with power assist front disc brakes, nothing in defendants' advertising and sales materials discloses the defect complained of herein.   The defects are also well known to Honda and its automobile dealers since they are often called upon to replace the front disc brake pads and/or rotors for the Class members.

27.   Numerous complaints have been lodged with the NHTSA with regards to the quality and nature of Affected Models equipped with power assist front disc brakes.  For example:

2011 Honda Civic (ODI ID Number 10417149)

> 2011 HONDA CIVIC WITH 4000 MILES. TOOK IT TO DEALERSHIP FOR AN OIL CHANGE AND COMPLAINED ABOUT A BURNED SMELL WHEN BRAKING WHILE DRIVING UPHILL AFTER THE CAR STOPS. NO HEAVY BRAKING THOUGH. DEALERSHIP INSPECTED THE BRAKES AND SAID EVERYTHING WAS FINE. AT 7300 MILES AND A TOTAL OF 7 MONTHS OF USE THE CAR STARTED TO MAKE A GRINDING NOISE WHEN BRAKING OR NOT. TOOK TO DEALER AND THEY SAID MY BRAKE PADS HAD ZERO % LEFT, METAL TO METAL. THEY BLAMED THE WAY THE CAR WAS BEING DRIVEN AND TREATED ME LIKE I WAS SOME JERK THAT WAS DRAG RACING EVERY DAY AND TOASTED THE BRAKES. I PREVIOUSLY HAD A 2007 TOYOTA CAMRY THAT I DROVE THE SAME WAY (AS A NORMAL PERSON BY THE WAY, CITY AND FREEWAY) AND DID NOT HAVE TO REPLACE BRAKES UNTIL OVER 33000 MILES! THIS IS RIDICULOUS, EVEN A VERY BAD DRIVER THAT KEEPS HITTING HIS BRAKES SHOULD NOT HAVE THIS PROBLEM WITH 7300 MILES IN A COMPACT CAR. HONDA DECLINED ANY SERVICING AND DECLINED TO FIX OR EVEN LOOK DEEPER FOR A POSSIBLE PROBLEM. WANTED TO

CHARGE ME OVER $100 FOR A 5 MINUTE BRAKE PAD INSPECTION... A JOKE!

2010 Honda Civic (ODI ID Number 10425910)

I PURCHASED MY BRAND NEW HONDA CIVIC IN 3/2010 (IT ONLY HAD 11 MILES). ABOUT 7-8 MONTHS LATER, I NOTICED THE CIVIC WAS MAKING WIERD BRAKING NOISES. IT WOULD COME AND GO. BUT IN 2/2011 (LESS THAN A YEAR AFTER MY PURCHASE) I WAS SCARED TO DRIVE MY CAR BECAUSE IT WAS NOT BRAKING. I ALMOST REAR ENDED SOMEONE AND COULD HAVE CAUSED AN ACCIDENT. I TOOK THE CAR INTO A HONDA DEALERSHIP TO INSPECT MY BRAKES AS IT WAS GETTING WORSE AND I DID NOT FEEL SAFE DRIVING IT. I WAS TOLD I NEED TO REPLACE BOTH FRONT BRAKE PADS AND MY LEFT ROTOR. THE CAR HAD LESS THAN 9000 MILES ON IT!!! I PAID $400 BECAUSE THERE WAS NO WARRANTY ON THE BRAKES!! I WAS TOLD IT WAS BECAUSE OF MY DRIVING. 7 MONTHS LATER (9/2011) THE BRAKE IS AT IT AGAIN. THIS TIME, THERE WAS NO SQEAKING SOUNDS TO WARN ME, THE CAR SUDDENLY SOUNDED LIKE IT WAS METAL RUBBING ON METAL AND MY CAR WOULDN'T BRAKE. AGAIN, I ALMOST GOT INTO AN ACCIDENT. THIS IS NOT RIGHT! I'VE OWNED SEVERAL VEHICLES PRIOR AND NEVER HAD ANY BRAKE ISSUES. NOW I'M SCARED TO DRIVE MY CAR. HOW AM I GOING TO GET TO WORK? I'M SCARED TO EVEN DRIVE IT TO THE DEALERSHIP. PLUS, THEY'RE GOING TO TELL ME THE SAME THING AND CHARGE ME ANOTHER $400 WHEN IT'S CLEARLY NOT MY DOING BUT A DEFECTIVE PROBLEM WITH THE CAR. PLEASE DO SOMETHING.

2010 Honda Civic (ODI ID Number : 10411648)

CAR WAS MAKING SQUEAKING NOISE WHEN DRIVING BROUGHT CAR TO DEALERSHIP THEY STATE AT 7400 MILES FRON BRAKES NEED TO BE REPLACED. THIS IS REDICULOUS. THEY SAY IT IS FROM AGGRESSIVE DRIVING THIS IS NUTS THEY WILL NO COVER REPLACEMENT OF PADS AND TELL ME IT IS FROM REAR BRAKES NOT BEING ADJUSTED.

2008 Honda Civic (ODI ID Number : 10372756)

2008 HONDA CIVIC'S HAVE A BRAKE SYSTEM PROBLEM. I HAD TO REPLACE MY BRAKES ALL AROUND AT 12,935 MILES, THE FRONT BRAKES HAD TO BE REPLACED AGAIN AT 22,885, AND THEN ALL AROUND AGAIN AT 37,417. I PLACED A COMPLAINT WITH HONDA AMERICA, THEY ARE UNWILLING TO ADMIT THAT THERE IS A BRAKE SYSTEM PROBLEM. I WAS TOLD IT IS HOW I DRIVE THE CAR. THERE HASN'T BEEN A FAILURE YET, I AM TRYING TO AVOID A FAILURE AND WOULD LIKE TO HAVE THIS ISSUE CHECKED.

2009 Honda Civic (ODI ID Number : 10347210)

> HONDA CIVIC LX - 17,000 MILES. NOISE FROM FRONT WHEN BRAKING. DEALERSHIP SAID THAT FRONT BRAKES HAD TO BE COMPLETELY REPLACED (PADS AND ROTORS). REFUSED TO COVER UNDER WARRANTY CLAIMING THAT THIS WAS NORMAL WEAR. COMPLAINED TO AMERICAN HONDA AND WAS TOLD THAT THIS IS NOT UNDER WARRANTY AND CLEARLY DUE TO WEAR. THEY REFUSED TO COMMENT WHEN I ASKED HOW 17,000 MILES FOR NEW FRONT BRAKES COULD POSSIBLY BE CONSIDERED WEAR. MILES ARE ALL HIGHWAY DRIVEN. *TR

2008 Honda Civic (ODI ID Number : 10334093)

> 2008 HONDA CIVIC VIN# [XXX] ON JUNE 5, 2009, I PURCHASED A 2008 HONDA CIVIC FROM WHITE PLAINS HONDA LOCATED IN WHITE PLAINS, NY FOR MY 21-YEAR OLD SON. THE PURPOSE OF THIS LETTER IS REGARDING THE ONGOING BRAKE PROBLEM HE IS EXPERIENCING. ON OCTOBER 1, 2009 (WITH ONLY 17,223 MILES ON THE CAR), MY SON'S CAR WAS SERVICED AT WHITE PLAINS HONDA BECAUSE OF A GRINDING NOISE HE WAS EXPERIENCING EVERY TIME HE WOULD STEP ON THE BRAKE. WHITE PLAINS HONDA ADVISED MY SON THAT HE NEEDED FRONT BRAKE PADS AND ROTORS. MY MECHANIC ADVISED ME THAT BRAKES SHOULD LAST AT LEAST 30,000 MILES. ON THE SAME DAY, MY MECHANIC REPLACED 1 SET OF FRONT DISC BRAKES AND 2 BRAKE ROTORS. ON MARCH 26, 2010, MY SON'S CAR AGAIN NEEDED BRAKE REPAIR. AT THE TIME OF SERVICE, THERE WERE 31,425 MILES ON THE CAR WHICH MEANT HE ADDED AN ADDITIONAL 14,202 MILES ON THE CAR SINCE HIS LAST REPAIR. AGAIN, I HAVE CLARIFIED FROM A FEW MECHANICS THAT BRAKES SHOULD LAST AT LEAST 30,000 MILES. MY MECHANIC ADVISED ME THAT THERE HAVE BEEN AT LEAST 4 HONDA CIVICS HE HAS SERVICED IN HIS SHOP WITH THE SAME BRAKE PROBLEMS. HE CAN'T FIGURE OUT WHY THERE IS A CONTINUOUS PROBLEM WITH THE BRAKE WEARING OUT ON THE DRIVER'S SIDE. I HAVE COPIES OF ALL THE REPAIR RECEIPTS. I BOUGHT A HONDA BECAUSE I THOUGHT I WAS PURCHASING A REPUTABLE CAR FOR MY SON. IN THIS ECONOMY, WHO CAN AFFORD TO REPLACE BRAKES EVERY 14,000 MILES? INFORMATION REDACTED PURSUANT TO THE FREEDOM OF INFORMATION ACT (FOIA), 5 U.S.C. 552(B)(6). *TR

2008 Honda Civic (ODI ID Number : 10288557)

> MY 2008 HONDA CIVIC LX SEDAN IS IN THE DEALER AGAIN FOR BRAKES. THE FRONT BRAKES WERE REPLACED AT 18,000 MILES IN MAY OF 2009 AND NOW AT 31,000 IT NEEDS THEM AGAIN. ROTORS HAVE TO BE TURNED AGAIN AND BRAKE PADS REPLACED AGAIN. OUR DRIVING IS MOSTLY HIGHWAY AND WE DON'T ABUSE OUR CAR. BRAKES ARE UNDERSIZED FOR VEHICLE, HONDA AGREED AND FIXED THE FIRST TIME, NOW ARE SAYING IT IS NOT THERE PROBLEM. I HAVE OWNED 2

OTHER HONDA VEHICLES AND NEVER PUT BRAKES ON EITHER ONE OF THEM. DEALER SAID THIS IS TYPICAL WEAR AND TEAR FOR VEHICLE MODEL. *TR

28.    In addition, numerous websites have been created which are dedicated to complaints about the quality and nature of the front disc brakes on Affected Models.   For example, CarComplaints.com reports that premature brake wear/failure is the number one complaint regarding the model years of the Affected Models.  The following are examples of complaints posted on this website by owners of Affected Models:

Jose P., of Woodbridge, Virginia, the owner of a 2008 Civic, reported:

This is my third Honda. By and large I count myself as a satisfied Honda customer, but have been surprised by how often I've had to replace the brakes on this car. I first had to replace the brakes on this car at the 18,000 mile point. I was very surprised! My dealer told me the problem was that I am riding the brakes--no surprise and definitely wrong since I do not ride the brakes. At this point, my car has 43,000 miles and I am having to consider replacing the brakes on it a third time. I have not been happy with the level of customer service at the dealer, and so have stopped taking this car to him for service of any kind.

yogy692000, of Sayreville, New Jersey, the owner of a 2009 Civic reported:

AFTER PUTTING 19,111 HIGHWAY MILEAGE ON MY 2009 HONDA CIVIC DX, I WAS TOLD BY MY HONDA DEALER THAT I NEEDED NEW FRONT BRAKES. I DID AS I WAS TOLD, AND PURCHASED MY BRAKES FOR $226.39. THIS REPAIR WAS DONE IN AUGUST OF 2010. 8 MONTHS LATER AT 34,189 MILES, I WAS TOLD THAT I NEEDED NEW FRONT BRAKES AGAIN. I WAS FURIOUS AND UPSET, BECAUSE I RECENTLY GOT MY BRAKES REPLACED. I MADE A COMPLAIN TO THE STORE MANAGER, AND HE WAS NOT HELPFUL AT ALL. I ENDED UP PAYING ANOTHER $229 TO REPLACE THE FRONT BRAKES. WHICH WAS INSTALLED IN APRIL 0F 2011. 6 MONTHS LATER, I HAD THE SAME PROBLEM OCCUR AGAIN WITH THE LEFT FRONT BRAKES. AT THIS POINT MY CAR MILEAGE WAS 46,000. I MADE ANOTHER COMPLAIN TO MY DEALER, BUT ALL TO NO AVAIL. SO I ENDED UP PAYING ANOTHER $226. I WAS ALSO TOLD THAT MY FRONT ROTORS WERE WORN OUT AS A RESULT OF MY BAD BRAKE PADS. I DID SOME RESEARCH TO SEE IF OTHER PEOPLE HAD PROBLEMS WITH THEIR FRONT HONDA CIVIC BRAKES, AND IT SEEMS LIKE THIS HAS BEEN A REOCCURRING PROBLEM WITH 2009 - 2011 HONDA CIVICS. I AM AFRAID OF THE SAFETY OF THIS VEHICLES, AND SOMETHING NEEDS TO BE DONE BEFORE SOMEONE GETS

COMPLAINT                                                                                                                 10

HURT BECAUSE OF THIS ISSUE, THAT HONDA IS NOT WILLING TO RECTIFY.

Awayshadow, of Rockaway, New Jersey, the owner of a 2010 Civic, reported:

My daughter's 2010 Civic, with 17K miles, developed severe front braking problems where she felt the brake pedal went down to the floor, and the car was not stopping. We went to the dealer and they replaced the front pads and resurfaced the rotors for a total of $203. The price was a "special" they were running, and they wanted me to be confident my daughter was safe at last! After reading all of these Honda brake issues, I think the confidence I feel is that Honda took me for a ride I hadn't planned on.

29.    The premature and accelerated front brake pad wear can lead to dangerous and unsafe driving situations, as it compromises the reliability of the braking system.  At the very least, premature brake pad wear leads to expensive replacement of brake pads and/or rotors, resulting in costs to Class members in the hundreds of dollars for each occurrence. Moreover, Honda acknowledges that although the Affected Models are covered by 3-year/36,000-mile New Vehicle Warranty, Honda often refuses to repair vehicles under warranty and refuses to replace the defective parts free of charge.  As such, Plaintiff and members of the class incur costly repairs for the replacement of front brake pads and/or front rotor resurfacing or replacement.   For example, in October, 2010, by reason of the defect complained herein, Plaintiff incurred a $270.00 charge to replace his 2008 Civic's front brake pads and to resurface its front rotors which had less than 15,000 miles when symptoms of premature wear first manifested.

30.    Defendants had knowledge of the defect in the Affected Models through its dealerships, pre-release testing data, warranty data, customer complaint data, replacement part sales data, and NHSTA.

31.    Despite having knowledge of the defect, Defendants have spent millions of dollars in advertising its various automobiles, including Affected Models with power assist front disc brakes.   These advertisements have carefully cultivated the image of safety, reliability and

COMPLAINT                                                                                                          11

longevity of Honda automobiles to such an extent that Honda automobiles are publicly perceived to be among the most durable and reliable vehicles available.  Defendants concealed the fact that Affected Models, because they are outfitted with defective front disc brakes and/or an insufficiently robust design are prone to premature and accelerated front brake pad wear, are not as safe and durable as advertised, nor do they have extended maintenance intervals.

32.   Defendants have issued materially false and misleading statements and omissions in that all Affected Models are equipped with power assist front disc brakes and are not reliable nor do they have extended service intervals.   Therefore, all Affected Models lack the safe and confident braking power the Company represents.  Critically, in all of its advertising, defendants omit the material fact that Affected Models equipped with power assist front disc brakes are defective and have a tendency to wear prematurely.

33.   Defendants' acts of fraudulent concealment include concealing this design flaw after having knowledge of its existence and failing to disclose said design flaw.  Through such acts of fraudulent concealment, defendants have been able to successfully conceal from the public the truth about the defective design of the Affected Models equipped with power assist front disc brakes, thereby tolling the running of any applicable statutes of limitations.

34.   Purchasers of automobiles, such as the Affected Models at issue, are particularly vulnerable to such deceptive and fraudulent practices.  Most purchasers, including Plaintiff, possess a very limited knowledge of the complex operating systems of vehicles or of the possibility that such defects may exist on a vehicle.  Plaintiff, and the other members of the Class, reasonably believed that Defendants and their employees and agents possess, as they claim to possess, special expertise in the design and manufacture of automobiles. Without having been informed of the defect at issue, Plaintiff, and the other members of the Class, reasonably relied upon the representations of Defendants and its employees and agents and the advertisements

disseminated by Defendants.  Based upon such reliance, which Defendants fraudulently induced as a result of its deceptive marketing practices, Plaintiff and the other members of the Class have purchased or leased such automobiles and have suffered damage.

35.   Through the use of materially misleading statements and omissions in the advertisements, Defendants have represented, directly or by implication, that the Affected Models equipped with power assist front disc brakes are safe, reliable and have extended service intervals, when, in fact, those cars, when equipped with power assist front disc brakes are not safe and reliable, nor do they have extended maintenance intervals since the front brakes are defective and are prone to premature brake pad wear.

36.   Through the use of materially misleading statements and omissions in the advertisements, Defendants have represented, directly or by implication, that at the time they made the representations, Defendants possessed and relied upon a reasonable basis that substantiated such representations.

37.   In truth and in fact, at the time they made the representations, Defendants did not possess and rely upon a reasonable basis that substantiated such representations.  The representations described constitute false and misleading statements in that the Affected Models are not durable, reliable nor do they have extended maintenance intervals as Defendants have represented.

## CLASS ACTION ALLEGATIONS

38.   Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23 (a), (b)(1), (b)(2), and (b)(3) on behalf of all purchasers of Affected Models in the United States (the "Class").

39.   Plaintiff also seeks to represent a subclass defined as all members of the Class who purchased Affected Models for personal, family or household purposes ("the Consumer Subclass").

40.   Plaintiff also seeks to represent a subclass defined as all members of the Class who purchased Affected Models in New Jersey ("the New Jersey Subclass").

41.   Members of the Class, Consumer Subclass and New Jersey Subclass are so numerous that their individual joinder herein is impracticable.  Members of each of these classes number in the thousands.  For example, American Honda reported that it sold 259,722 Civics in 2009 and 260, 218 Civics in 2010.   The precise number of Class members and their identities are unknown to Plaintiff at this time but will be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Honda and its dealers.

42.   Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:

(a)    whether Honda violated the Magnuson-Moss Act, 15 U.S.C. § 201, *et seq.*,

(b)    whether Honda was unjustly enriched by its conduct;

(c)    whether Honda breached an express warranty made to Plaintiff and the Class;

(d)    whether Honda advertises, or markets Affected Models in a way that is false or misleading;

(e)    whether Affected Models fail to conform to the representations, which were published, disseminated and advertised to Plaintiff and the Class;

(f)    whether Honda concealed from Plaintiff and the Class that Affected Models did not conform to its stated representations;

(g)     whether, by the misconduct set forth in this Complaint, Honda has engaged in unfair, fraudulent or unlawful business practices with respect to the advertising, marketing and sales of Affected Models;

(h)     whether Honda violated the New Jersey Consumer Fraud Act;

(i)     whether Class members suffered an ascertainable loss as a result of the Honda's misrepresentations;

(j)     whether Honda violated California's Consumer Legal Remedies Act;

(k)     whether Honda violated California's Unfair Competition Law;

(l)     whether Honda violated California's False Advertising Act; and

(m)     whether, as a result of Honda's misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive and/or monetary relief and, if so, the amount and nature of such relief.

43.   Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Honda's wrongful conduct.  Plaintiff has no interests antagonistic to the interests of the other members of the Class.  Plaintiff and all members of the Class have sustained economic injury arising out of Honda's violations of common and statutory law as alleged herein.

44.   Plaintiff is an adequate representative of the Class because his interest does not conflict with the interests of the Class members they seek to represent, he has retained counsel competent and experienced in prosecuting class actions, and he intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

45.   The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members. Each individual Class member may

lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Honda's liability.   Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.   Individualized litigation also presents a potential for inconsistent or contradictory judgments.   In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Honda's liability.   Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

### COUNT I
**(Violation of Magnuson-Moss Act (15 U.S.C. § 2301, *et seq.*))**

46.   Plaintiff repeats the allegations contained in the above paragraphs as if fully set forth herein.

47.   Plaintiff brings this claim individually and on behalf of the members of the Class against all defendants.

48.   The Affected Models are consumer products as defined in 15 U.S.C. § 2301(1).

49.   Plaintiff and Class members are consumers as defined in 15 U.S.C. § 2301(3).

50.   Defendant Honda is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

51.   In connection with the sale of the Affected Models, Honda issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that the products were durable, reliable, and had extended maintenance intervals.

52.   Honda also breached the express warranties by providing Affected Civic owners and lessee's with:  a 3 year/36,000 mile express warranty, warranting to repair or replace any

defective part (in material or workmanship) at no cost to the owner or lessee; selling and leasing Affected Models that were defective in material and workmanship, requiring a repair or replacement within the warranty period; and refusing to honor the express warranties by repairing the front disc brake  or any of  its components free of charge.

53.   By reason of Honda's breach of the express written warranties stating that the Affected Models were durable, reliable, had extended maintenance intervals, and subject to a 3 year/36,000 mile express warranty, Honda has violated the statutory rights of Plaintiff and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq.*, thereby damaging Plaintiff and Class members.

### COUNT II
### (Unjust Enrichment)

54.   Plaintiff repeats the allegations contained in the above paragraphs as if fully set forth herein.

55.   Plaintiff brings this claim individually and on behalf of the members of the Class and on behalf of the New Jersey Subclass against all defendants.

56.   "Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences.  In all states, the focus of an unjust enrichment claim is whether the Honda was *unjustly* enriched.  At the core of each state's law are two fundamental elements – that Honda received a benefit from the plaintiff and it would be inequitable for the Honda to retain that benefit without compensating the plaintiff.  The focus of the inquiry is the same in each state."  *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 58 (D.N.J. Apr. 24, 2009), *quoting Powers v. Lycoming Engines*, 245 F.R.D. 226, 231 (E.D. Pa. 2007).

57. Plaintiff and the Class members conferred a benefit on Honda by purchasing Affected Models.

58. Honda has been unjustly enriched in retaining the revenues derived from Class members' purchases of Affected Models, which retention under these circumstances is unjust and inequitable because Honda misrepresented that the Affected Models were durable, reliable, and had extended maintenance intervals, when in fact they were not, which caused injuries to Plaintiff and Class members because: (a) they would not have purchased the Affected Models on the same terms if the true facts concerning their durability and reliability of its front disc brakes had been known; and (b) they paid a price premium due to the misrepresentations of the Affected Models durability, reliability and extended maintenance intervals.

59. Because Honda's retention of the non-gratuitous benefit conferred on it by Plaintiff and Class members is unjust and inequitable, Honda must pay restitution to Plaintiff and the Class members for its unjust enrichment, as ordered by the Court.

## COUNT III
### (For Breach Of Express Warranty)

60. Plaintiff repeats the allegations contained in the above paragraphs as if fully set forth herein.

61. Plaintiff brings this claim against all defendants on behalf of the nationwide Class under California law and on behalf of the New Jersey Subclass under New Jersey law.

62. Honda, as the designer, manufacturer, marketer, distributor, or seller expressly warranted that the Affected Models were durable, reliable, and had extended maintenance intervals and that its front disc brakes provided confident and reliable stopping power.

63. Plaintiff and the Class were injured as a direct and proximate result of Honda's breach because: (a) they would not have purchased the Affected Models on the same terms if the

true facts regarding the durability, reliability and extended maintenance intervals had been known; (b) they paid a price premium due to the misrepresentations of the Affected Models durability, reliability and extended maintenance intervals; and (c) Affected Models did not have the quality, functionality or value as promised.

## COUNT IV
### (Violation Of The New Jersey Consumer Fraud Act, N.J.S.A. § 58:8-1, *et seq.*)

64.    Plaintiff repeats the allegations contained in the above paragraphs as if fully set forth herein.

65.    Plaintiff brings this claim on behalf of the New Jersey Subclass under New Jersey law.

66.    Honda misrepresented that the Affected Models were durable, reliable and had extended maintenance intervals when in fact they were not.

67.    Plaintiff and the Class members suffered an ascertainable loss caused by Honda's misrepresentations because:  (a) they would not have purchased the Affected Models on the same terms if the true facts regarding their durability, reliability, and maintenance intervals had been known; (b) they paid a price premium due to the misrepresentations of the Affected Models durability, reliability and extended maintenance intervals, and (c) they have incurred or will incur costs to repair and replace the front brake pads prematurely.

## COUNT VI
### (Violation Of The Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*)
### (Injunctive Relief Only)

68.    Plaintiff repeats the allegations contained in the above paragraphs as if fully set forth herein.

69.    Plaintiff brings this claim against all defendants on behalf of the Consumer Subclass under California law.

70.   At all relevant times, Affected Models constituted "goods," as that term is defined in Civ. Code §1761(a).

71.   At all relevant times, Honda was a "person," as that term is defined in Civ. Code §1761(c).

72.   At all relevant times, Plaintiff's purchase of Affected Models constituted a "transaction," as that term is defined in Civil Code §1761(e).

73.   The policies, acts, and practices described in this Complaint were intended to and did result in the sale of Affected Models to Plaintiff and the Consumer Subclass.   Honda's practices, acts, policies, and course of conduct violated the CLRA, in that, as described above:

    (a) Honda represented that Affected Models have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have in violation of Civil Code §1770(a)(5);

    (b) Honda represented that Affected Models were of a particular standard or quality, when Honda was aware that they were of another in violation of Civil Code §1770(a)(7); and

    (c) Honda advertised Affected Models with intent not to sell them as advertised in violation of Civil Code §1770(a)(9).

74.   Plaintiff and the Consumer Subclass members suffered injuries caused by Honda's misrepresentations because:  (i) Plaintiff and the Consumer Subclass were induced to purchase a product they would not have otherwise purchased if they knew the Affected Models were not durable, reliable, and had extended maintenance intervals; (b) Plaintiff and the Consumer Subclass were induced to pay substantially more for Affected Models than they would have paid if its true characteristics had not been concealed or misrepresented.

75.   Wherefore, Plaintiff seeks injunctive relief for this violation of the CLRA.

## COUNT VII
### (For Violation Of The Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*)

76.    Plaintiff repeats the allegations contained in the above paragraphs as if fully set forth herein.

77.    Plaintiff brings this claim against all defendants on behalf of the nationwide Class under California law.

78.    Honda is subject to the Unfair Competition Law ("UCL"), *Bus. & Prof. Code §* 17200 *et seq.*  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising ...."  The Act also provides for injunctive relief and restitution for violations.

79.    Honda committed acts of unfair competition, as defined by §17200, by using false and misleading statements to promote the sale of Affected Models, as described above.

80.    Honda's conduct is unfair in that the harm to Plaintiff and the Class arising from Honda's conduct outweighs the utility, if any, of those practices.

81.    Honda's conduct, described herein, violated the "fraudulent" prong of the UCL by representing that Affected Models were durable, reliable, and had extended maintenance intervals when in fact they were not as the front disc brakes are defective and are prone to premature brake pad wear.

82.    Plaintiff and members of the Class have suffered injury and actual out of pocket losses as a result of Honda's unfair, unlawful, and fraudulent business acts and practices because: (i) Plaintiff and the Class were induced to purchase a product they would not have otherwise purchased if they knew Affected Models were subject to defect which caused premature an abnormal front disc brake pad wear; (ii) Plaintiff and the Class were induced to pay substantially more for Affected Models than they would have paid if its true characteristics had not been concealed or misrepresented; and Plaintiff and the Class were forced to pay for replacement of

COMPLAINT                                                                                                          21

the brake pads prematurely; and (iii) Plaintiff and the Class have incurred or will incur costs to repair and replace the front brake pads prematurely. .

83.    Pursuant to *California Business & Professions Code* § 17203, Plaintiff and the Class are therefore entitled to:  (a) an Order requiring Honda to cease the acts of unfair competition alleged herein; (b) an Order requiring corrective disclosures; (c) full restitution of all monies paid to Honda as a result of their deceptive practices; (d) interest at the highest rate allowable by law; and (e) the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, *California Code of Civil Procedure* § 1021.5.

<u>**COUNT VIII**</u>
**(False Advertising)**
**(False Advertising Law, Business & Professions Code §§ 17500 *et seq.*)**

84.    Plaintiff repeats the allegations contained in the above paragraphs as if fully set forth herein.

85.    Plaintiff brings this claim on behalf of the nationwide Class under California law.

86.    California's False Advertising law (*Bus. & Prof. Code* § 17500, *et seq.*) makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

87.     Honda committed acts of false advertising, as defined by §17500, by using false and misleading statements to promote the sale of Affected Models, as described above.

88.     Honda knew or should have known, through the exercise of reasonable care that the statements were untrue and misleading.

89.    Honda's actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

90.    As a direct and proximate result of these acts, consumers have been and are being harmed.   Plaintiff brings this action pursuant to § 17535 for injunctive relief to enjoin the practices described herein and to require Honda to issue corrective disclosures to consumers.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seek judgment against Honda, as follows:

A.    For an order certifying the nationwide Class, Consumer Subclass and the New Jersey Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as Class Representative and his attorneys as Class Counsel to represent the Class members;

B.    For an order declaring that Honda's conduct violates the statutes referenced herein;

C.    For an order finding in favor of Plaintiff, the nationwide Class, Consumer Subclass and the New Jersey Subclass on all counts asserted herein;

D.    For an order awarding compensatory, treble, and punitive damages in amounts to be determined by the Court and/or jury;

E.    For prejudgment interest on all amounts awarded;

F.    For an order of restitution and all other forms of equitable monetary relief;

G.    For injunctive relief as pleaded or as the Court may deem proper; and

H.    For an order awarding Plaintiff and the Class and subclasses their reasonable attorneys' fees and expenses and costs of suit.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims so triable in this action.

Dated:  November 22, 2011            Respectfully submitted,

BURSOR & FISHER, P.A.


By:_____/s/L. Timothy Fisher_____

L. Timothy Fisher (State Bar No. 191626)
Sarah N. Westcot (State Bar No. 264916)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
        swestcot@bursor.com

BURSOR & FISHER, P.A.
Scott A. Bursor (State Bar No. 276006)
Joseph I. Marchese
369 Lexington Avenue, 10th Floor
New York, New York 10017
Telephone:  (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail:  scott@bursor.com
        jmarchese@bursor.com

*Attorneys for Plaintiff*

I, Javier Hidalgo, declare as follows:

1.      I am a plaintiff in this action and have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that defendants do business in the Eastern District of California.  Prior to purchasing a 2008 Honda Civic, I saw and read Honda's representations regarding safety, reliability and extended maintenance intervals.  Those representations were substantial factors influencing my decision to purchase a 2008 Honda Civic.  If I had not seen and read those representations, I would not have purchased a 2008 Honda Civic.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on November 22, 2011 at New York, New York.

Javier Hidalgo